SAMUEL, Judge.
Formal charges against Dr. Joseph T. De-Paula, who is a licensed dentist, were brought before the Louisiana State Board of Dentistry regarding instances of conduct allegedly in violation of LSA-R.S. 37:776. The matter was set for hearing on January 12, 1979 at Hammond, Louisiana. At Dr. DePaula’s request the hearing was continued to February 16, 1979, but was again continued because of objections relative to notice to the doctor. Subsequently, Dr. De-Paula was notified the hearing would take place on April 3,1979 at the domicile of the Board in New Orleans.
The hearing was held as scheduled on April 3, 1979, but apparently under protest by Dr. DePaula because of an objection to the venue made on his behalf. Prior to the hearing, specifically on March 27, 1979, Dr. DePaula filed a petition in the Civil District Court for the Parish of Orleans seeking a temporary restraining order, a preliminary injunction and a permanent injunction enjoining and prohibiting the Board from holding the April 3, 1979 meeting in New Orleans on the sole ground that the hearing could only be held in the Parish of Tangipo-hoa because that parish was Dr. DePaula’s domicile. The trial judge refused to issue the requested restraining order and ordered the Board to show cause on March 30, 1979 why the injunction should not issue.
On March 30, 1979 the matter was submitted for adjudication on the verified petition and the facts therein alleged and there was judgment denying the writ of injunction and dismissing the action. Dr. DePau-la has appealed. We affirm.
In support of his contention that New Orleans was an improper place in which to hold the hearing, appellant relies on the general rules of venue contained in the Code of Civil Procedure, particularly Article 42(1) which provides that an action against an individual domiciled in the state shall be brought in the parish of his domicile. That provision is applicable only to civil court actions; it is inapplicable to the administrative hearing in suit. As pointed out by the trial judge, the law applicable in this case is R.S. 37:779 which, in pertinent part, specifically provides: “The president [of the Board] shall designate the time and place of the hearing.”
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.